## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: RESTRAINT OF ALL ASSETS ) <br> HELD IN ACCOUNT NO. 642-068250-568 AT ) <br> MORGAN STANLEY IN THE NAME OF ) <br> CRISTIÁN LIZAMA CHACÓN ) | Misc. No.: |

## EX-PARTE APPLICATION OF THE UNITED STATES FOR RESTRAINING ORDER PURSUANT TO 28 U.S.C. § 2467(d)(3)(B)(ii)

The United States of America, by and through its undersigned attorneys, respectfully requests that this Court issue a Restraining Order pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) to enforce a foreign restraining order issued by a court of the Republic of Chile to freeze assets held for the benefit of Cristián Lizama Chacón, who has been charged in Chile with fraud and securities fraud violations of Chilean law. The United States seeks restraint of assets identified for forfeiture by the Chilean court in anticipation of receipt of a final judgment of forfeiture for enforcement pursuant to 28 U.S.C. § 2467, following the conclusion of Chilean forfeiture proceedings.

On July 26, 2007, the Eighth Guarantee Court of Santiago, Chile, issued an order directing the restraint of $1,100,000, or all funds maintained in Account No. 642-068250-568 at Morgan Stanley, under the name of Cristián Lizama Chacón. In accordance with 28 U.S.C. § 2467(b)(2) & (c)(3)(B)(ii), the U.S. Assistant Attorney General for the Criminal Division has certified this Chilean restraining order for enforcement in the interest of justice. The Chilean order, certified by the Assistant Attorney General, along with an English translation is attached as Exhibit A.

The offense conduct giving rise to the forfeiture proceedings in Chile constitute a violation or an offense for which property could be forfeited under Federal law if the offense were committed in the United States, including 15 U.S.C. § 77q (securities fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 2314 (interstate transportation of property stolen or taken by fraud), which give rise to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as the proceeds of "specified unlawful activity" enumerated in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(A).

The Governments of the United States of America and the Republic of Chile are parties to the Inter-American Convention on Mutual Assistance in Criminal Matters, which provides for mutual forfeiture assistance among parties. S. Treaty Doc. No. 105-25 (1995). As a result, the Republic of Chile constitutes a "foreign nation" within the meaning of 28 U.S.C. § 2467(a)(1).

Pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii), this Court may enter a restraining order to preserve the availability of property for forfeiture in accordance with foreign proceedings. Here, issuance of a restraining order by this Court is necessary to preserve the availability of property located in the United States that has been identified for forfeiture in proceedings before the Chilean court.

Pursuant to 28 U.S.C. § 2467(c)(2)(B), Congress provided that "venue shall be in the district court for the District of Columbia . . ." Id.

Accordingly, the United States respectfully requests that this Court issue a Restraining Order and that such Order remain in place until forfeiture proceedings in Chile have been concluded. A Memorandum of Points and Authorities in support of this Application and a proposed Restraining Order are submitted herewith.

Respectfully submitted,

RICHARD WEBER
CHIEF, ASSET FORFEITURE AND MONEY
LAUNDERING SECTION

LINDA M. SAMUEL  (DC Bar # 388970)
Deputy Chief
DANIEL H. CLAMAN (VA Bar #36482)
Senior Trial Attorney
Asset Forfeiture and Money
    Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Applicant
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

IN RE: RESTRAINT OF ALL ASSETS )
HELD IN ACCOUNT NO. 642-068250-568 AT )    **Misc. No.:**
MORGAN STANLEY IN THE NAME OF )
CRISTIÁN LIZAMA CHACÓN )

)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## *EX-PARTE* APPLICATION OF THE UNITED STATES
## FOR RESTRAINING ORDER PURSUANT TO 28 U.S.C. § 2467(d)(3)(B)(ii)

Pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii), this Court has authority to enforce a foreign restraining order issued in connection with forfeiture proceedings in another country, provided that the U.S. Assistant Attorney General has certified a request from the foreign nation for enforcement of the order in the interest of justice. On October 10, 2007, the Assistant Attorney General, acting pursuant to the Attorney General's delegation of authority, certified such a request made by the Republic of Chile for the enforcement of the order of a Chilean court to restrain assets located in the United States in connection with criminal proceedings against Cristián Lizama Chacón for acts of fraud and securities fraud in violation of Chilean law. Because the enforcement of the Chilean restraining order is necessary to preserve the availability of property for forfeiture, the United States respectfully requests that this Court issue a Restraining Order and that such Order remain in place until forfeiture proceedings in Chile have been concluded.

### FACTUAL BACKGROUND

1.    Assets Sought for Restraint

In this Application, the United States seek a Restraining Order to preserve the following property for forfeiture (hereinafter the "Property"):

> All assets held in Account No. 642-068250-568 at
> Morgan Stanley in the name of Cristián Lizama
> Chacón.

These assets are the subject of a foreign restraining order issued by the Eighth Guarantee Court

of Santiago, Chile, on July 26, 2007, in connection with the investigation and prosecution of

Cristián Lizama Chacón for conduct in violation of Articles 467 and 468 of the Chilean Penal

Code, and Article 60(i) of the Chilean Securities Market Law No 18.045. As such, the Property

is alleged to be the proceeds of fraud that will become subject to the penalty of forfeiture upon

conclusion of criminal proceedings in Chile.

2.    The Chilean Request for Assistance

The Republic of Chile has requested the restraint of the Property in accordance with

Articles 7 and 15 of the  Inter-American Convention on Mutual Assistance in Criminal Matters

and the July 26, 2007, order of the Eighth Guarantee Court of Santiago, Chile. Based upon the

Chilean request for assistance, the United States alleges the following facts:

At or around the period between September 2006 and May 2007, Cristián Lizama Chacón

was an employee of Compañia Chilena de Fósforos (the "Company") in Chile. During this

period, Lizarma served as head of the department responsible for managing the shareholder

registry of the Company.

At or around the same time period, Lizama opened a series of accounts with a Chilean

securities broker. These accounts were held in his name and in the name of his parents.

By virtue of his position at the Company and during the same period from approximately

September 2006 through May 2007, Lizama obtained more than 960,000 shares of Company

stock and deposited them with his broker, fraudulently representing them to be his own shares.

-2-

Lizama then directed the sale of the shares on the open market and that his broker deposit the proceeds of the sale into his accounts.   In his capacity as head of the department responsible for the corporate registry, Lizama approved transfer documents prepared for the purpose of executing the transfer of the stock sold.

After the sale, Lizama ordered one of his subordinates to execute the formal transfer of the misappropriated shares by reducing the holdings of the true stockholder, Inversiones Perquin Limitada, and registering those shares to the open market buyer.  As a result of Lizama's actions, Inversiones Perquin Limitada was defrauded of Company stock worth approximately $1,300,000.

Lizama realized approximately $1,300,000 from his fraudulent conduct.  Funds representing the proceeds of these acts are now held in his name in Account No. 642-068250-568 with Morgan Stanley.  This account is believed to have a current value of approximately $1,100,000.

On July 25, 2007, a national order was issued in Chile for the arrest of Lizama in connection with this investigation.  However, Lizama remains a fugitive and is believed to be in Argentina.  The Chilean authorities have reported that they have received an order from a Chilean court seeking his extradition from Argentina.

On July 26, 2007, Chilean authorities formalized charges against Lizama's parents in connection with this investigation.

On July 26, 2007, the Eighth Guarantee Court of Santiago issued a restraining order against Account No. 642-068250-568 at Morgan in the name of Cristián Lizama Chacón.  The authorities of Chile subsequently transmitted a formal request to the Department of Justice, Office of International Affairs, seeking enforcement of this restraining order in order to preserve

funds in the Morgan Stanley account for forfeiture in connection with the prosecution of Lizama.

On October 10, 2007, the Assistant Attorney General for the Criminal Division certified

the request of the Government of the Republic of Chile for enforcement of the July 26, 2007,

order of the Eighth Guarantee Court of Santiago, Chile, in the interest of justice. A copy of the

Assistant Attorney General's certification and the Chilean restraining order, along with an

English translation, are attached to the United States Application.

## **ARGUMENT**

1. <u>This Court has Authority to Enforce Foreign Restraining Orders Which Have
Been Certified for Enforcement by the Assistant Attorney General</u>

In 2000, Congress enacted 28 U.S.C. § 2467, providing express authority for United

States District Courts to register and enforce a foreign forfeiture or confiscation judgment "as if

the judgment had been entered by a court in the United States." 28 U.S.C. § 2467(c)(1). This

statute sought to establish efficient procedures based on comity between courts for combating

transnational crime and protecting against the introduction of the proceeds of foreign crime into

the United States. In adopting this provision as part of the Civil Asset Forfeiture Reform Act of

2000, Congress also recognized that if the United States is to expect other nations to enforce

forfeiture orders issued by U.S. Courts, it must have legislation to render reciprocal assistance to

foreign tribunals. However, in an effort to help screen out requests that were deficient or based

upon unacceptable foreign proceedings, § 2467 importantly required that a foreign request be

certified by the Attorney General as being in the interest of justice before a foreign order could be

submitted to the Court for enforcement. In this way, § 2467 sought to ensure U.S. Courts had

authority consistent with U.S. treaty obligations and international standards, while providing

-4-

procedural safeguards to ensure consistency with U.S. standards of due process.

Despite these advancements, § 2467, as originally enacted, suffered from at least one critical flaw: it contained no mechanism for preserving property while the forfeiture action was pending in the foreign court. As a result, while U.S. Courts could now enforce a final foreign forfeiture judgment, they could do little to prevent the dissipation of the assets and protect their jurisdiction ultimately to enforce such a judgment at the conclusion of foreign forfeiture proceedings. To remedy this deficiency, Congress amended § 2467 in 2001 in the USA PATRIOT Act, to permit Federal Courts to enforce foreign restraining orders or issue their own orders to preserve property during the pendency of foreign forfeiture proceedings.

However, as in the case of the enforcement of a final order of forfeiture, a prerequisite for the enforcement of a foreign restraining order is certification by the Attorney General that enforcement of the order is in the interest of justice. 28 U.S.C. §§ 2467(b)(2) and (d)(3)(B)(ii). In this way, Congress provided the same added procedural protection of requiring Attorney General examination and certification before a foreign restraining order could be submitted to the Court for enforcement. On March 9, 2006, the Attorney General delegated authority for the certification of requests to enforce orders under this provision to the Assistant Attorney General for the Criminal Division. Such determinations are not subject to review. 28 U.S.C. § 2467(b)(2).

Under the plain language of 28 U.S.C. § 2467(d)(3)(B)(ii), if a foreign tribunal has ordered the restraint of property subject to forfeiture and a request to enforce that order has been certified by the Assistant Attorney General, no further factual findings are necessary for this Court to issue a Restraining Order enforcing the foreign restraining order. This statutory

framework is consistent with Congress' clear intent to defer to the determinations of competent

foreign tribunals to establish the basis for restraint, as demonstrated by Congress' inclusion of the

procedural provisions to prevent re-litigation of challenges raised abroad and adopt the same

certification procedures for restraining orders as for final forfeiture judgments.  28 U.S.C.

§§ 2467(d)(3)(B) and (C).  This structure is also consistent with the procedures set forth in

18 U.S.C. § 983(j) and 21 U.S.C. § 853(e), which permit the Court to rely on an indictment or the

filing of a civil forfeiture complaint in issuing restraining orders to preserve property pending

adjudication of forfeiture in U.S. proceedings.

Pursuant to 28 U.S.C. § 2467(c)(2)(B), Congress provided that "venue shall lie in the

district court for the District of Columbia . . ."  Accordingly, although the Property is held by a

financial institution in New York, venue is proper in this District.

    2.    <u>The Requirements For Recognizing a Foreign Restraining Order Have Been Met</u>

Under 28 U.S.C. § 2467(d)(3)(B)(ii), there are two statutory requirements for

enforcement of a foreign restraining order:  (1) that the restraining order has been issued by a

court of competent jurisdiction in the foreign country, and (2) that the Attorney General

determines, in the interest of justice, to certify the order for enforcement.[1]  In light of the

Assistant Attorney General's October 10, 2007, Certification, the only requirement that this

Court must examine is whether the order has been issued by a court of competent jurisdiction in

Chile.  Because this statutory requirement also has been met, enforcement of the restraining order

---

[1]    Specifically, the statute provides that the Court "may register and enforce a restraining order that has been issued by a court of competent jurisdiction in the foreign country and certified by the Attorney General pursuant to subsection (b)(2)."  28 U.S.C. § 2467(d)(3)(B)(ii).

issued by the Eighth Guarantee Court of Santiago, Chile is proper.

Here, the Property has become subject to forfeiture as proceeds of criminal activity in accordance with pending criminal proceedings against Lizama. As stated in the Chilean order, the Chilean court issued the order upon agreement with the request of the public prosecutor. Lizama, is the subject of a national arrest warrant in Chile and an order authorizing a request for his extradition from Argentina. Pursuant to Article 217 of the Chilean Penal Procedure Code, a Chilean judge has authority to order the restraint of property that will be subject to forfeiture in connection with these proceedings. Accordingly, this Court can reasonably conclude that the Chilean order was issued by a foreign court of competent jurisdiction.

In addition, issuance of a Restraining Order is appropriate because the Republic of Chile constitutes a "foreign nation" within the meaning of the meaning of § 2467. Under 28 U.S.C. § 2467(d)(3)(B)(ii), a final forfeiture judgment can only be enforced if it is the subject of a request from a "foreign nation", defined in the statute as "a foreign jurisdiction with which the United States has a treaty or other formal international agreement in effect providing for mutual forfeiture assistance . . ." Id. In this Application, the request for enforcement comes from the Government of the Republic of Chile pursuant to the Inter-American Convention on Mutual Assistance in Criminal Matters (hereinafter, the "Nassau Convention"). The United States and the Republic of Chile became parties to the Nassau Convention on May 25, 2001, and April 28, 2004, respectively. http://www.oas.org/juridico/english/Sigs/a-55.html. Because the Nassau Convention provides for mutual assistance in forfeiture matters pursuant to Articles 7 and 15, the

Republic of Chile constitutes a "foreign nation" for purposes of § 2467.[2]

Enforcement of the Chilean restraining order is also appropriate because the order seeks restraint of property alleged to be the proceeds of conduct that would properly serve as the basis for enforcement of a final judgment of forfeiture, if issued at the conclusion of the Chilean Court's proceedings. To be enforceable, a final foreign forfeiture judgment must order the forfeiture of property based on offense conduct that "would constitute a violation or offense for which property could be forfeited under Federal law if the offense were committed in the United States." 28 U.S.C. § 2467(a)(2)(A). This dual criminality (or dual "forfeitability") requirement ensures that a final judgment sought for enforcement is consistent with the type of offenses for which Congress has authorized forfeiture under U.S. law. The Chilean restraining order was issued in connection with the investigation and prosecution of conduct constituting fraud and securities fraud in violation of Chilean law and giving rise to forfeiture in Chilean proceedings. If the underlying conduct had occurred in the United States, such acts would constitute violations of 15 U.S.C. § 77q (securities fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 2314 (interstate transportation of stolen goods).[3] These U.S. offenses constitute "specified unlawful

_____

[2]    Enforcement of a *restraining order* requires only that the order be issued by a court of competent jurisdiction in a "foreign country", while enforcement of a *final judgment of forfeiture* requires the judgment to have been issued from a court in a "foreign nation". Although there may be circumstances in which a formal agreement must be concluded after restraint and prior to enforcement of a final judgment, in this case, the Republic of Chile already meets the definition of a "foreign nation" that will be required for a final judgment, if one is issued by the Chilean court at the conclusion of its proceedings.

[3]    As set forth in these statutes,

It is "unlawful for any person in the offer or sale of any securities . . . by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails . . . to employ any device, scheme, or artifice to

activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(A), the proceeds of which are

subject to civil and criminal forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

2461(c).[4]/  As a result, this Court can reasonably expect that if a Chilean court issues a final

forfeiture judgment, it will be in connection with an offense for which a foreign forfeiture

judgment could be enforced in the United States under § 2467.

Therefore, not only does the Chilean restraining order meet both of the statutory

requirements for enforcement, but it is also reasonable for this Court to expect that if a

judgement of forfeiture is issued in the Chilean proceedings, it will be enforceable as a judgment

issued by a Court of a nation to which we have a treaty obligation to assist in forfeiture matters

and based upon offense conduct that would give rise to forfeiture in the United States.  These

conclusions are further supported by the certification of the Assistant Attorney General, which

specifies that, upon examination of the submission from the Republic of Chile, she is satisfied

that the restraining order was issued by a court of competent jurisdiction with authority to order

---

defraud . . . ." 15 U.S.C. § 77q.

\* \* \*

It is a crime for anyone: "having devised or intending to devise any scheme or
artifice to defraud, or for obtaining money or property by means of false or
fraudulent pretenses, representations, or promises, transmits or causes to be
transmitted by means of wire, radio, or television communication in interstate or
foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose
of executing such scheme or artifice . . . ." 18 U.S.C. § 1343.

\* \* \*

It is a crime to "transport, transmit[], or transfer in . . . foreign commerce any . . .
money, of the value of $5,000 or more, knowing the same to have been stolen,
converted, or taken by fraud . . . ." 18 U.S.C § 2314.

[4]/  28 U.S.C. § 2461 authorizes  forfeiture in criminal proceedings for offenses that would
give rise to civil forfeiture, including 18 U.S.C. § 981(a)(1)(C).

the restraint, that the Property sought for forfeiture is traceable to offenses of fraud and securities

fraud, and that the enforcement of the order would be in the interest of justice. Accordingly, this

Court should issue the requested Restraining Order.

    3.    The Restraining Order Sought By the United States Serves the Interests
        Underlying 28 U.S.C. § 2467(d)(3)

      The purpose of this Application is to preserve property that is subject to pending

forfeiture proceedings in Chile, so that if forfeiture is ordered by the Chilean Court, such a

judgment can be submitted for enforcement in this Court pursuant to 28 U.S.C. § 2467. As the

Supreme Court has explained in the context of U.S. criminal forfeiture proceedings, the purpose

of a restraining order is to ensure that property remains fully available at the end of the

proceedings and, therefore, the commands of the substantive forfeiture provisions can be carried

out. *United States v. Monsanto* 491 U.S. 600, 612-613 (1989). Similarly, in the civil forfeiture

context, the Supreme Court noted that "the Government's legitimate interests at the inception of

forfeiture proceedings are to ensure that the property not be sold, destroyed, or used for further

illegal activity prior to the forfeiture judgment." *United States v. James Daniel Good Real*

*Property*, 510 U.S. 43, 58 (1993). In enacting § 2467(d)(3) in 2001, Congress acted to protect

this same governmental interest by authorizing Federal Courts to enforce foreign restraining

orders "[t]o preserve the availability of property . . ." that would become subject to enforcement

proceedings following final judgment. Id.

      The Restraining Order sought by the United States serves these interests directly. As set

forth in more detail in the proposed order itself, the proposed Restraining Order would prohibit

the transfer, sale or other alienation of the Property subject to forfeiture proceedings in Chile.

Of course, if the Property is transferred or otherwise placed beyond the reach of this Court, it may not be available for proceedings to enforce a final judgment under § 2467, should such a judgment be issued at the conclusion of Chilean proceedings. The Restraining Order is sought *ex parte* because advance notice would risk frustration of the purpose of the restraint and the Chilean court's order. Indeed, Lizama has already sought to avoid the jurisdiction of the Chilean Court by secreting the proceeds of his fraudulent activities in a financial institution in the United States. In addition, to preserve the value of the Property, the proposed order requires that any deposits, dividends, or interests accrued be deposited into the same account and made subject to the Restraining Order.[5]

At the same time, the proposed order remains narrow in scope. It restrains only the assets tied to the criminal prosecution and does not remove them from their present location or the custody of the financial institution in which they currently are held. Moreover, by directing the Government to seek to provide notice, the proposed Restraining Order protects the rights of those affected by the order to challenge the restraint in accordance with U.S. law and on the statutory grounds provided in § 2467 once the Property has been secured. In sum, the proposed order enables the Court to ensure that the Property is maintained and available for adjudication of forfeiture in the Chilean court.

---

[5] The proposed order would also clarify that the restraining order is issued for "all assets" held at "Morgan Stanley" rather than "all funds" at "Morgan Stanley Bank."

# Exhibit A



**U.S. Department of Justice**

Criminal Division

---

*Assistant Attorney General*                                    *Washington, D.C. 20530*

## ASSISTANT ATTORNEY GENERAL DECISION

Re:     Certification for Enforcement of Foreign Restraining Order from Chile, Pursuant
         to 28 U.S.C. § 2467(b)(2) in the Matter of Cristián LIZAMA CHACÓN

**DECISION:**

Upon examination of the request of the Government of the Republic of Chile for the
enforcement of the attached order of the Eighth Guarantee Court of Santiago, Chile, dated July
27, 2007, directing the restraint of assets held in the name of Cristián LIZAMA CHACÓN, I am
satisfied that:

1.     The restraining order was issued by a court of competent jurisdiction in
        connection with the investigation and prosecution of Cristián LIZAMA CHACÓN
        for conduct constituting offenses giving rise to forfeiture under Chilean law,
        including, but not limited to fraud and securities fraud violations;

2.     Article 217 of the Chilean Penal Procedure Code authorizes a judge to order the
        restraint of property that will be subject to forfeiture;

3.     Assets held at Morgan Stanley & Co., New York, in the name of Cristián
        LIZAMA CHACÓN are the subject of such proceedings and may be named in a
        final judgment of forfeiture at the conclusion of Chilean forfeiture proceedings;
        and

4.     Enforcement of the restraining order would be in the interest of justice.

Therefore, in accordance with 28 U.S.C. § 2467(b)(2) and the Attorney General's
delegation of authority to the Assistant Attorney General for the Criminal Division, I hereby
CERTIFY the request of the Government of Chile for enforcement of the July 26, 2007,
restraining order issued by the of the Eighth Guarantee Court of Santiago, Chile. A copy of the
Chilean court order and an English translation are attached.

Alice S. Fisher
**Assistant Attorney General**
**Criminal Division**

10/10/07
Date



8° JUZGADO DE GARANTIA
DE SANTIAGO

OFICIO:     AC 3514-2007
REF.        : No hay
MAT.        : **AUTORIZA INCAUTACION**

Santiago, 26 de julio de 2007

A:     **BANCO MORGAN STANLEY**

DE:    **EMA MARGARITA TAPIA TORRES**
       **JUEZ TITULAR**
       **OCTAVO JUZGADO DE GARANTÍA DE SANTIAGO**

Que en causa RUC N° 0700558905-8, RIT 4499-2007, correspondiente a la Fiscalía Local de Ñuñoa, conforme a lo solicitado por el Ministerio Público, por resolución de esta fecha, se ha dispuesto lo siguiente:

Que se autoriza la incautación de US$ 1.100.000 o de los dineros que se mantengan en la cuenta corriente N° 642-068250-568, perteneciente a Cristian Lizama Chacón, cédula de identidad N° 13.275.444-6, quedando en vuestra custodia.

Sin otro particular,

***EMA MARGARITA TAPIA TORRES***
***JUEZ TITULAR***
**OCTAVO JUZGADO DE GARANTÍA DE SANTIAGO**

[illegible]
8th CRIMINAL COURT
OF SANTIAGO

**FILE:**       AC 3514-2007
**REF.**        :NONE
**SUB.**        :SEIZURE AUTHORIZATION

Santiago, July 26, 2007

**TO:**          **MORGAN STANLEY BANK**

**FROM:**        **EMA MARGARITA TAPI TORRES**
**TITULAR JUDGE**
**EIGHTH CRIMINAL COURT OF SANTIAGO**

In accordance with the request of the Public Ministry, by the decision handed down today, the case registered under RUC No. 0700558905-8 and RIT 4499-2007 at the Local Prosecutor's Office of Ñuñoahas resulted in the following:

The authorization to seize $1,100,000 from account No. 642-068250-568 or any funds kept therein, held by Cristian Lizama Chacón, ID card No. 13 275 444-6, at your institution.

Without further ado,

[illegible signature]
**EMA MARGARITA TAPIA TORRES**
**TITULAR JUDGE**
**EIGHTH CRIMINAL COURT OF SANTIAGO**



ASET INTERNATIONAL SERVICES CORPORATION
2009 N. 14th Street ◆ Suite 100 ◆ Arlington, VA ◆ 22201
Phone: (703) 516-9266 ◆ Fax: (703) 516-9269

## CERTIFICATE OF TRANSLATION

I, ___Yolanda Pustelniak___, certify that I am competent to translate this document, and that the translation is true and accurate, to the best of my abilities. All archival seals, stamps, and certifications have NOT been translated here.

English Title: _____RESTRAINING ORDER_____

Spanish Title: _____

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the attached translation is true and correct.

Executed this ____11_____ day

of ____October_____2007____.

_____Yolanda Pustelniak_____
Signature

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: RESTRAINT OF ALL ASSETS | ) | |
| HELD IN ACCOUNT NO. 642-068250-568 AT | ) | Misc. No.: |
| MORGAN STANLEY IN THE NAME OF | ) | |
| CRISTIÁN LIZAMA CHACÓN | ) | |
| | ) | |

## RESTRAINING ORDER

WHEREAS, this matter having come before this Court on the *ex parte* application of the

United States of America for a restraining order pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii), which

provides this Court with jurisdiction to enter restraining orders and take such other action as may

be necessary to preserve any property subject to forfeiture in a foreign proceeding to ensure its

availability for forfeiture;

WHEREAS, pursuant to 28 U.S.C. § 2467(c) and (d), venue is proper in this Court for the

registration and enforcement of foreign restraining orders affecting property that is the subject of

foreign forfeiture proceedings; and

IT APPEARING TO THE COURT THAT:

1.    The Assistant Attorney General of the Criminal Division of the United States

Department of Justice, being duly authorized, has certified that it is in the interest of justice to

enforce the order issued on July 26, 2007, by the Eighth Guarantee Court of Santiago, Chile,

directing the restraint of all funds maintained in account No. 642-068250-568 under the name of

Cristián Lizama Chacón at Morgan Stanley;

2.    The application of the United States establishes that criminal proceedings are

pending in Chile that will likely result in the entry of a forfeiture or confiscation judgment

finding the assets held at Morgan Stanley to be the proceeds of fraud, securities fraud, or other criminal violations;

     3.     The Governments of the United States and the Republic of Chile are parties to the Inter-American Convention on Mutual Assistance in Criminal Matters, which, *inter alia*, establishes a treaty obligation for parties to assist one another in forfeiture matters;

     NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 28 U.S.C. § 2467(d)(3)(B)(ii) THAT:

     1.     The restraining order issued by the Eighth Guarantee Court of Santiago, Chile dated July 26, 2007, and attached hereto with an English translation, shall hereby be given effect.

     2.     Effective immediately, all monies, assets, and other things of value held in Account No. 642-068250-568 at Morgan Stanley in the name of Cristián Lizama Chacón, (hereinafter the "Property") are hereby RESTRAINED.

     3.     All persons, including Cristián Lizama Chacón, his agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him, and anyone in possession of or holding any interest in the Property, be and are hereby ENJOINED AND RESTRAINED from withdrawing, transferring, selling, assigning, pledging, distributing, giving away, encumbering, wasting, secreting or otherwise participating in the disposal, removal or alienation by any means of any interest, direct or indirect, in the Property, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order and except that, in accordance with 28 U.S.C. § 2467(d)(3)(C), no person may object to this Order on the grounds that it is the subject of parallel litigation involving the same Property pending in a foreign court.

4.      The financial institution holding the Property shall continue to receive and credit monies, deposits, interest, dividends, or other things of value to the account identified above, which additional assets shall be subject to this Order and restrained pursuant to its terms. Upon receiving notice of this Order, the affected financial institution shall disclose to the United States the exact amount on deposit and the approximate market value of any assets not held in currency at the time the assets are frozen pursuant to this Order, shall hereafter provide to the United States a monthly statement of account, and shall promptly respond to requests by the United States for information concerning the account at any time thereafter for as long as this Order remains in place.

5.      The United States, may serve a copy of the this Order on the affected financial institution by facsimile, and, pursuant to Rule 4(f) of the Federal Rules of Civil Procedure or other applicable law, shall seek to provide a copy of the Court's Order to identifiable persons holding a legal interest in the Property, including: Cristián Lizama Chacón.

6.      The terms of this Restraining Order shall remain in full force and effect until further order of this Court.

Dated this _____ day of October, 2007.


_____
UNITED STATES DISTRICT JUDGE
United States District Court for the
District of Columbia